UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JULIE V. DEGRAW, as personal
representative of the Estate of
Donald C. DeGraw, deceased,

    Plaintiff,

v.

CASE NO. 8:18-cv-2116-T-02SPF

BOB GUALTIERI, in his individual
capacity as Pinellas County Sheriff, and
GREGORY GOEPFERT, in his
individual capacity as Pinellas County
Deputy Sheriff,

    Defendants.
_____/

## ORDER

This cause is before the Court upon Plaintiff Julie V. DeGraw's Amended Motion to Compel Discovery from Defendant Gualtieri ("Motion to Compel") (Doc. 58) and Motion for Leave to Take Depositions in Excess of Ten ("Motion for Leave") (Doc. 60). Defendant Bob Gualtieri, the Sheriff of Pinellas County ("Sheriff"), filed a Response in Opposition to the Motion to Compel (Doc. 61) and the Sheriff and Defendant Gregory Goepfert filed a Response in Opposition to the Motion for Leave (Doc. 62). Plaintiff additionally filed a Reply in support of her Motion for Leave (Doc. 69). Upon consideration, Plaintiff's Motion to Compel (Doc. 58) is DENIED, and her Motion for Leave is DENIED WITHOUT PREJUDICE.

## MOTION TO COMPEL

This case alleges use of excessive force, specifically a Taser, by a deputy responding to a medical seizure suffered by Donald DeGraw, now deceased (Doc. 27). Here, Plaintiff seeks to compel the Sheriff to provide better responses to Plaintiff's First and Second Requests for Production; specifically, Requests 8, 9, and 10 of the First Request for Production and Request 1 of the Second Request for Production. The Sheriff argues that Plaintiff failed to confer with the Sheriff before filing the Motion to Compel, thereby warranting denial of the motion. In addition, the Sheriff asserts that its objections to the requests should otherwise be sustained.

Motions to compel discovery under Rule 37(a), Federal Rules Civil Procedure, are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). Discovery under the Federal Rules is governed by the principle of proportionality. Federal Rule of Civil Procedure 26(b)(1) defines the scope of discoverability as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant. *Moore v. Lender Processing Servs. Inc.*, No. 3:12-CV-205-J, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013).

As an initial matter, the Court agrees that Plaintiff's failure to meaningfully confer or attempt to confer in good faith on the substance of the dispute prior to filing it constitutes sufficient grounds to deny the Motion to Compel. *See Esrick v. Mitchell*, No. 5:08-cv-50-Oc-

10GRJ, 2008 WL 5111246, at *1 & n.6 (M.D. Fla. Dec. 3, 2008); *Regions Bank v. Legal Outsource PA*, No. 2:14-cv-476-FtM-29MRM, 2016 WL 7228738, at *2 (M.D. Fla. Mar. 10, 2016) (denying in part motion to compel and finding movants failed to satisfy their obligations under both Federal Rule of Civil Procedure 37(a)(1) and L.R. 3.01(g), M.D. Fla., because the parties never meaningfully conferred or attempted to confer in good faith on the substance of their dispute); *Commerce First Fin., LLC v. Summerlin Bass, LLC*, No. 2:10-cv-290-CEH-DNF, 2011 WL 13141496, at *2 (M.D. Fla. June 16, 2011); *Sellers v. Rushmore Loan Mgmt. Servs., LLC*, No. 3:15-cv-1006-J-32PDB, 2017 WL 6344315, at *7 (M.D. Fla. Dec. 12, 2017).

In addition, however, the Sheriff's objections to the requests at issue are well-taken. Request 8 in the First Request for Production seeks:

> Any and all policies, procedures, manuals, articles, memoranda, correspondence, communications, audiotapes, videotapes, programs, brochures, leaflets, orders and documents of any kind of nature or description, including computer generated documents, prepared by you or any of your agents, employees and/or representatives, or created by others and in your possession but not adopted by you, mandated by others and adopted by you, which set forth procedures, standards, policies, guidelines, comments, suggestions, or criteria related to the use of dart-firing stun guns (Taser) in effect during the five (5) year time period from September 7, 2011 through and including September 7, 2016.

Doc. 58-6 at ¶ 8.

> The Sheriff responded to the request as follows:
>
> The Sheriff objects to Request No. 8 because it is vague and ambiguous. The request is also irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The Sheriff will produce the policies and procedures in his possession, custody, or control regarding the use of tasers in effect during the five-year period from September 7, 2011 through September 7, 2016.

Doc. 58-7 at ¶ 8. The three requests in the First Request for Production at issue here contain essentially the same phrasing and seek any and all documents not only prepared by the Sheriff's Office personnel, but also "created by others and in your possession but not adopted

3

by you, or mandated by others and adopted by you, which set forth procedures, standards, policies, guidelines, comments, suggestions, or criteria related to the use of" (1) Tasers (Request No. 8); (2) responding to medical emergencies or medical distress (Request No. 9); and (3) the "use of potentially lethal force" (Request No. 10). It is undisputed that the Sheriff subsequently produced policies and procedures in relation to these three areas of inquiry for the applicable timeframe as well as thousands of pages of Taser training materials. The Sheriff, however, argues that the remainder of these three requests is vague, ambiguous, irrelevant and potentially involves tens of thousands of pages of documents and things that would take hundreds of hours to identify, retrieve, and produce (Doc. 61 at 9). Plaintiff asserts that she is entitled to find out what information regarding the use of Taser weapons and warnings were available to the Sheriff before the training policies and procedures were formulated and during their ongoing implementation as well as what information was disregarded, ignored, or followed prior to the event alleged in the complaint.

This Court agrees that the discovery sought is irrelevant because it does not affect Deputy Goepfert's liability for his use of force or the Sheriff's vicarious state-law liability for it, which is measured by whether it was objectively reasonable under the totality of the circumstances. *Graham v. Connor*, 490 U.S. 386, 388, 396 (1989). In addition, under *Monell*, the Sheriff's liability is limited to the constitutionality of his policies, practices, and customs. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Plaintiff has not cited to any authority in which someone else's policies or unadopted policies were relevant to the constitutionality of the Sheriff's policies, practices, and customs. Accordingly, the Sheriff's objections to Requests 8, 9, and 10 are sustained.

In Plaintiff's Second Request for Production, Request 1 seeks:

> All documents, emails, texts, letters or other documents or written policies which relate to your ongoing enforcement of training policies and procedure related to use of Tasers, and dealing with encounters with medically and/or mentally disabled citizens, and in effect for Pinellas County Sheriff's employees Gregory Goepfert, Eduardo Martinez, Charles Street, John Tobek, James Upton and Robert Baldwin prior to and on September 7, 2016.

Doc. 58-5 at ¶ 1. Defendant Gualtieri responded to the request as follows:

> Objection. Request No. 1 is vague and ambiguous. It is unclear what the plaintiff means by "relat[ing] to your ongoing enforcement of training policies and procedures related to use of Tasers, and dealing with encounters with medically and/or mentally disabled citizens . . . ." It is unclear what the plaintiff means by "ongoing enforcement." It is unclear what "training policies and procedure" the plaintiff is referring to in this Request. The scope of "related to" is unclear. The request is also overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. The request is without any antecedent temporal limit. Documents relating to Eduardo Martinez, Charles Street, John Tobek, James Upton, and Robert Baldwin are irrelevant to any claim in this case.

Doc. 58 at 3. Plaintiff appears, in her Motion to Compel, to limit this request to the training of Deputies Goepfert, Martinez, and Baldwin, Sgt. Street, and Detectives Tobek and Upton on those subjects for the five years prior to the event at issue in this case. Doc. 58 at ¶¶ 17, 20. The Sheriff states that he has already produced complete training records for Deputies Goepfert, Martinez, and Street in response to the First Request to Produce. Doc. 61 at 11. The Sheriff further states that he does not object to producing the training records for Deputy Baldwin and Detectives Tobek and Upton. Therefore, those records shall be produced. Beyond those records, however, the Sheriff contends the request is unclear as to what Plaintiff is seeking. The Court agrees and sustains the Sheriff's objections to this request as well.

## **MOTION FOR LEAVE**

Plaintiff seeks leave to conduct depositions in excess of the ten depositions permitted by Federal Rule of Civil Procedure 30(a)(2)(A); specifically, Plaintiff seeks leave to conduct a

5

total of 13 fact witness depositions without prejudicing her right to depose defense expert witnesses, which are not due to be disclosed until December 20, 2019. The parties previously agreed that Plaintiff could take a total of 15 depositions, and Plaintiff had taken only taken eight of those 15 depositions at the time of the briefing on this motion.

When addressing discovery, the Federal Rules of Civil Procedure provide guidance as to the quantity and acceptability of depositions. While parties are permitted to go above the designated ten depositions without leave of court when there is an agreement between the parties, Federal Rule of Civil Procedure 30(a)(2) provides that a party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2), if the parties have not stipulated to the deposition and the deposition would result in more than ten depositions being taken under this rule.

"By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of the depositions under Rule 30." Fed. R. Civ. P. 26(b)(2)(A). "[T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rules if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."

Fed. R. Civ. P. 26(b)(2). As discussed above, scope of discovery pertaining to section (iii) is defined as permitting parties to obtain non-privileged material "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

The Court denies without prejudice Plaintiff's Motion for Leave to, in essence, take depositions in excess of the 15 depositions agreed upon by the parties. The motion is

premature because Plaintiff has yet to take the 15 depositions to which the parties have already agreed, or even the ten allowed under Rule 30. The Court notes that the discovery deadline in this case does not run until January 31, 2020 (Doc. 44). Accordingly, there is an ample amount of time for continued discovery after disclosure of Defendants' experts. In addition, prior to additional depositions being granted, Plaintiff must justify the necessity of the depositions already taken in the case. *F.D.I.C. v. Nason Yeager Gerson White & Lioce, P.A.*, Case No. 2:13-cv-208-FtM-38CM, 2014 WL 1047245, at *2 (M.D. Fla. Mar. 17, 2014); *Bituminous Fire & Marine Ins. Corp. v. Dawson Land Dev. Co., Inc.*, No. 3:02-cv-793-J-21TEM, 2003 WL 22012201, at *1 (M.D. Fla. Feb. 13, 2003) (a party seeking to exceed the presumptive number of depositions must make a particularized showing of why the discovery is necessary); *see also Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 483 (N.D. Tex. 2001) (finding that otherwise a party could indirectly circumvent the cap on depositions by exhausting the maximum allotted number to take those that she could not justify under the Rule 26(b)(2) standards, and then seeking leave to exceed the limit in order to take depositions that she could substantiate). Finally, the Court is unable, at this juncture, to discern whether Plaintiff's proposed discovery comports with Rule 26(b)(2).

Accordingly, it is hereby

**ORDERED**:

(1) Plaintiff's Amended Motion to Compel Discovery from Defendant Gualtieri (Doc. 58) is **DENIED**.

(2) Plaintiff's Motion for Leave to Take Depositions in Excess of Ten (Doc. 60) is **DENIED WITHOUT PREJUDICE**.

**ORDERED** in Tampa, Florida, this 23rd day of October 2019.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE