UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Julie V. DeGraw,
    Plaintiff,

vs.                                 Case No.: 8:18-cv-02116-T36-SPF

Bob Gualtieri, et al.
    Defendants.
_____/

## AFFIDAVIT OF PAUL G. ROZELLE

BEFORE ME, the undersigned authority, personally appeared Paul G. Rozelle, who, on being duly sworn and based on his own personal knowledge stated:

1. I am a natural person over 18 years of age.

2. I am counsel to the defendants in this case and, unless otherwise indicated, I have personal knowledge of the matters set forth in this affidavit.

3. On January 30, 2020, I took the deposition of D. P. Van Blaricom.

4. After about 90 minutes of uninterrupted testimony, the undersigned counsel asked to take a break.

5. While off the record, Mr. Van Blaricom stated that he did not feel well — he had earlier said that he thought he was "coming down with something," but had declined the invitation to take a break stating he was "fine" — and asked how much longer I thought the deposition would last.

6. I replied that the deposition was scheduled for one day of seven hours, but that, in light of the testimony he had already given, it was unlikely that it would take that long.

7. With plaintiff's lawyer present, I reviewed with Mr. Van Blaricom that he did not have and was not rendering any opinions on the Sheriff's training, supervision, or discipline of his deputies and that the only criticism that he had of the Sheriff's policies was one of preference. Mr. Van Blaricom confirmed that this was correct and, in light of that, I said that the deposition would not require anywhere near the time allotted, although there remained some matters to inquire into. I then said that I would step out of the room to get coffee and asked that Mr. Van Blaricom and the plaintiff's lawyer confer about whether Mr. Van Blaricom was able to continue giving testimony that day.

8. When I returned, the plaintiff's counsel asked to speak with me outside the deposition room and said that she thought the deposition should be continued.

9. I replied that whether Mr. Van Blaricom felt well enough to continue testifying was ultimately up to him, and added that if he could not continue, that statement needed to be made on the record, along with an on-the-record agreement that the deposition would be continued.

10. I also said that I was concerned that the plaintiff would use the continuation to try to rehabilitate Mr. Van Blaricom's unhelpful testimony by sending him materials that he was never provided and that Mr. Van Blaricom would, on continuation, opine

differently on the <u>Monell</u> claims than what was in his report and in the testimony he had just given. The plaintiff's lawyer assured me that that would not occur.

11. Several days later, the plaintiff's counsel later sent an email that she wanted to substitute another expert for Mr. Van Blaricom. We conferred in-person on February 4, 2020 about this.

12. I inquired what Mr. Van Blaricom's status was and was told only that she did not know.

13. I said that I believed that whether Mr. Van Blaricom was available to continue his service as an expert and conclude his deposition were threshold issues and whether the plaintiff should be permitted to substitute another expert — and the attendant prejudice to the defendants in her doing that — were subjects that needed to be addressed only if and when it was became apparent that Mr. Van Blaricom was not available and would not be available in any timeframe that was consistent with the just and efficient prosecution of this case.

14. I also said, and reiterated in writing, that I was agreeable to petitioning the Court for an extension of time to determine Mr. Van Blaricom's status — e.g., so that Mr. Van Blaricom could be asked whether he was abandoning the case, whether he was healthy enough to complete the deposition, and whether there were accommodations that could be made, or an amount of time that could be provided, that would enable him to complete his testimony.

15. I have consulted records of the Pinellas County Sheriff's Office fiscal affairs division that are kept in the regular, ordinary course of the agency's business. From these records, I learned that the check that the Sheriff issued to Mr. Van Blaricom for the fees he charged in connection with giving deposition testimony in this case was presented for payment on January 30, 2020.

16. Mr. Van Blaricom's Rule 26(a)(2) disclosure in this case is 4 pages long, single-spaced, and contains more than 50 matters in which he has given deposition or trial testimony in the four years prior to the date of his report. The report discloses nine separate matters in which he has testified in the 12 months prior to submitting his report.

FURTHER AFFIANT SAYETH NOT.

_____
PAUL G. ROZELLE

SWORN TO AND SUBSCRIBED before me on February 7, 2020, by Paul G. Rozelle, who is ~~personally~~ known to me.
*driver license*

_____
Notary Public

Candace Daddono
Comm. # GG357005
Expires: August 27, 2023
Bonded Thru Aaron Notary