# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JULIE V. DEGRAW,

    Plaintiff,

v.

BOB GUALTIERI and
GREGORY GOEPFERT,

    Defendants.
_____/

CASE NO. 8:18-cv-2116-T-02SPF

## **ORDER**

This cause comes before the Court on the Proposed Bill of Costs (Dkt. 122) filed by Defendants Bob Gualtieri and Gregory Goepfert, and Plaintiff's objections (Dkt. 123). After careful review and consideration, the Court finds the proposed costs taxable.

### Recoverable Costs

Costs other than attorney's fees "should be allowed to the prevailing party" unless a federal statute, the federal rules, or court order provides otherwise. Fed. R. Civ. P. 54(d)(1). The prevailing party may recover the costs of "making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Copies attributable to discovery are recoverable under § 1920(4). *EEOC v. W & O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000) (citing *Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla.

1989), but declining to follow *Desisto* on other grounds). To determine whether the copies were necessarily obtained for use in the case, the standard is whether the prevailing party could have "reasonably believed" that it was necessary to copy the documents at the time of copying. *Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012) (citing *W & O, Inc.*, 213 F.3d at 623). The costs of copies made for the convenience of counsel, however, are not allowed. *Id.*

## Photocopying/Printing Costs

Defendants request the costs of copying 25,526 pages at $0.15 per page for a total of $3,828.90. Dkt. 122-1 at ¶¶ 12–26; Dkt. 122-6. Of the total, Plaintiff seeks a reduction for 16,416 pages copied in the amount of $2,462.20.[1] Plaintiff challenges 1) the copying of Defendants' document production to Plaintiff of 8,119 pages of the total 12,688, 2) the additional, second copying of the remaining 4,569 pages containing redactions of privileged and confidential information, and 3) the printing of all pleadings and court orders (3,728 pages) from CM/ECF.[2]

*Discovery*

The first two categories cover documents attributable to discovery. Plaintiff objects to the need for Defendants to have copied all 12,688 pages of their

---

[1] Costs for printed or electronically recorded transcripts ($11,148.36), witness fees ($120.00), and costs of obtaining hospital records ($93.00) are recoverable. Plaintiff does not object to these items.

[2] CM/ECF stands for Case Management/Electronic Case Filing.

documents responsive to Plaintiff's five separate document requests. Making paper copies was unnecessary, Plaintiff argues, because "Defendants produced the documents to Plaintiff on a disk, not in a paper format." Dkt. 123 at ¶ 5. Plaintiff claims Defendants have not provided a detailed explanation why the pages were not initially scanned as opposed to copied and printed.

Defendants aver copying the 12,688 pages of responsive documents was necessary because the documents first had to be physically located from various files. Dkt. 122-1 at ¶¶ 13, 14. Each page had to then be reviewed for potential claims of privilege and confidentiality before being produced. *Id*. at ¶ 14. Defendants, primarily by hand, redacted this type of information, which was found in 4,569 pages, and copied the marked pages to include in the production set which was Bates-stamped. *Id*. at ¶¶ 15, 16, 18.

Having been formally requested by Plaintiff, these documents were attributable to discovery. *W & O, Inc*., 213 F.3d at 623; 28 U.S.C. § 1920(4). Defendants have fully explained the process of their document search and method of review for redactable information before production. The Court finds Defendants, as the prevailing parties, have met their burden.

With respect to Plaintiff's objection to the "second" copying of the 4,569 pages containing the redactions, the Court finds the Defendant's explanation

sufficiently detailed and plausible to warrant taxation. These costs will not be reduced.

*Pleadings/Court orders*

"Copies of pleadings" are generally recoverable. *Desisto College*, 718 F. Supp. at 913. Although extra copies of filed pleadings are considered obtained for the convenience of counsel, the first copy made is not. *Id*. Plaintiff cites no authority to the contrary. The Court finds the 3,728 pages of pleadings and court orders taxable.

It is therefore **ORDERED AND ADJUDGED** as follows:

1) Costs are awarded in favor of Defendants in the total amount of $15,195.56.

2) The Courtroom Deputy Clerk is directed to enter a Bill of Costs reflecting the amounts shown on the proposed Bill of Costs at docket 122.

**DONE AND ORDERED** at Tampa, Florida, on October 21, 2020.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel of Record