UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Julie V. DeGraw,
    Plaintiff,

vs.                                                                                                                                   Case No.: 8:18-cv-02116-T36-SPF

Bob Gualtieri, et al.,
    Defendants,

and

BayCare Health System, Inc.,
    Garnishee.
_____/

## **MOTION FOR A CONTINUING WRIT OF GARNISHMENT**

Bob Gualtieri and Gregory Goepfert move for a continuing writ of garnishment against BayCare Health System, Inc., 2985 Drew St., Clearwater, FL 33759, under Fed. R. Civ. P. 69(a)(1). The defendants obtained a judgment against the plaintiff, Julie DeGraw, for $15,195.56 plus interest at the statutory rate of 5.37% a year from October 22, 2020. The judgment remains unpaid.

## **MEMORANDUM OF LAW**

Judgment entered for the defendants against the plaintiff on September 22, 2020. Dkt. 121. Costs were taxed and included in the judgment on October 22, 2020 in the amount of $15,195.56, Dkt. 125. The judgment debtor is employed at Mease Dunedin Hospital, Dkt. 96-2, at 7/1-4, which is among the hospitals operated by the garnishee BayCare.

"In federal court, the procedure on execution of a judgment 'must accord with the procedure of the state where the court is located[.]'" Branch Banking & Tr. Co. v. Carrerou, 730 F. App'x 869, 870 (11th Cir. 2018) (per curiam) (quoting Fed. R. Civ. P. 69(a)(1)). Under Florida law, a party has the right to seek a writ of garnishment once a judgment has been entered in his favor. See id.; Fla. Stat. § 77.01. To obtain a writ of garnishment, the judgment creditor must file a motion stating the amount of the judgment. Fla. Stat. § 77.03. A continuing writ of garnishment against salary or wages is available to satisfy a judgment. Fla. Stat. § 77.0305 (providing that the court "shall issue a continuing writ of garnishment to the judgment debtor's employer which provides for the periodic payment of a portion of the salary or wages of the judgment debtor as the salary or wages become due until the judgment is satisfied or until otherwise provided by court order").

Prior to filing this motion, the undersigned counsel contacted counsel for the plaintiff to inquire about the voluntary satisfaction of this outstanding judgment and was informed that the plaintiff will not satisfy the judgment voluntarily.

Accordingly, the defendants request that the Court:

1. Grant their Motion for a Continuing Writ of Garnishment;

2. Order that the Clerk of Court issue a continuing writ of garnishment to BayCare Health System, Inc., as garnishee, submitted at Dkt. 126-1; and

3. Order, as required by Fla. Stat. § 77.041, that the Clerk of Court attach to the continuing writ of garnishment the "Notice to Defendant" and "Claim of Exemption and Request for Hearing" contained in that statute and submitted at Dkt. 126-2.

Respectfully submitted,

/s/ Paul G. Rozelle
Paul G. Rozelle
Senior Associate Counsel
FBN: 75948
10750 Ulmerton Road
Largo, FL   33778
Telephone:  (727) 582-6274
Facsimile:   (727) 582-6459
*prozelle@pcsonet.com*
*amarcott1@pcsonet.com*
Attorney for Bob Gualtieri and Gregory Goepfert

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 10, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Paul G. Rozelle